[Criminal No. 912.   Filed June 16, 1941.]

[114 Pac. (2d) 446.]

THE STATE OF ARIZONA, Plaintiff, v. CLAR-ENCE NEWMAN, Defendant.

Mr. Richard F. Harless, County Attorney, and Mr. Darrell R. Parker, Deputy County Attorney, for Plaintiff.

Messrs. Baker & Whitney, Mr. Lawrence L. Howe, and Mr. Harold E. Whitney, for Defendant.

LOCKWOOD, C. J.— Clarence Newman, defendant, was informed against for the crime of maintaining a public nuisance, a misdemeanor.  The original information was thereafter amended by the county attorney, and the amended information was challenged by

a motion to quash on the ground that it did not state any public offense. The trial court being in doubt as to the sufficiency of the information made the following order of certification under the provisions of section 44–2401, Arizona Code 1939:

"The County Attorney of Maricopa County having heretofore with leave of Court, filed herein an Amended Information, charging the above named defendant with maintaining a public nuisance, a misdemeanor, and counsel for defendant having duly moved to quash said amended information upon the ground, among others, that the same does not state a public offense because it fails to allege that the acts charged as being a nuisance interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons, and the court being of the opinion that the question raised is sufficiently doubtful and important to require the decision of the Supreme Court before proceeding further herein, and the defendant by his attorneys having in open court consented to the certification of said cause to the Supreme Court; now, therefore,

"IT IS HEREBY ORDERED that this cause be, and the same is hereby certified to the Supreme Court of the State of Arizona for a determination and decision of the following question, to-wit:

"Is it necessary that the Information herein allege that the acts complained of interfere with the comfortable enjoyment of life or property by any considerable number of persons, or any persons at all, in order to legally charge the commission of the crime of maintaining a public nuisance."

The same question was before this court in the case of *J. F. Engle et al.* v. *Donald C. Scott et al., ante,* p. 383, 114 Pac. (2d) 236. Therein we held that an establishment of the kind involved in that case was a public nuisance *per se,* and that it was not necessary for the state to either allege or prove that it interfered with the comfortable enjoyment of life or property by

an entire community or neighborhood, or by any considerable number of persons. Sec. 43–4603, Arizona Code of 1939. We think the same rule applies in a criminal case, and since the information in this case sets up facts which constitute a public nuisance *per se,* under the rule in the Engle case, *supra,* the question certified is answered in the negative.

McALISTER and ROSS, JJ., concur.